■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HENRY VARGAS, Appellant. [999 NYS2d 74]—

Judgment, Supreme Court, New York County (Carol Berkman, J.), rendered April 21, 2010, convicting defendant, upon his plea of guilty, of attempted grand larceny in the first degree and forgery in the second degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years and 3½ to 7 years, unanimously affirmed.

Nothing in defendant's statements at the plea proceeding suggested that the plea was anything but voluntary. Under the plea agreement, the People agreed to discontinue pending investigations into additional alleged criminal conduct involving both defendant and his mother. To the extent the plea was linked to favorable treatment of defendant's mother, it would have been better if the court had focused on this issue during the allocution, but the plea met constitutional standards for that type of arrangement (see People v Fiumefreddo, 82 NY2d 536 [1993]). The promised sentence was substantially less than the one defendant would have faced had he been convicted of the present charges after trial, and convictions of additional crimes arising out of the other schemes then under investigation would have resulted in even greater sentencing exposure. Accordingly, there is no reason to believe that any possible leniency to defendant's mother was a significant factor in his decision to plead guilty (see id. at 547). Defendant gave a lengthy statement reciting the facts underlying his plea and the court ensured the accuracy of that statement. Concur—Acosta, J.P., Moskowitz, Richter, Feinman and Clark, JJ.